1

2

3

4

5

6

7

8

9

10  UNITED STATES DISTRICT COURT

11  EASTERN DISTRICT OF CALIFORNIA

12

13  HAROLD WAYNE JONES,                )    1:06-CV-00479 AWI SMS HC
                                       )
14            Petitioner,              )
                                       )
15      v.                             )    FINDINGS AND RECOMMENDATION
                                       )    REGARDING RESPONDENT'S MOTION
16                                     )    TO DISMISS
    ROSANNE CAMPBELL,                  )
17                                     )    [Doc. #19]
              Respondent.              )
18  _____)

19       Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

20  pursuant to 28 U.S.C. § 2254.

21                              **BACKGROUND**[1]

22       Petitioner is currently in the custody of the California Department of Corrections pursuant to

23  a judgment of the Superior Court of California, County of Fresno, following his conviction by jury

24  trial on April 17, 1987, of one count of first degree murder in violation of Cal. Penal Code § 187,

25  one count of robbery in violation of Cal. Penal Code § 211, and several sentence enhancements. See

26  Lodged Doc. No. 1. On May 15, 1987, Petitioner was sentenced to serve a indeterminate term of life

27  _____

28       [1]This information is derived from the petition for writ of habeas corpus, Respondent's motion to dismiss the
    petition, and the exhibits lodged by Respondent.

1   without the possibility of parole, plus two years, in state prison. Id.

2          Petitioner thereafter appealed the conviction. On September 28, 1988, the California Court of

3   Appeals, Fifth Appellate District, affirmed the judgment. See Lodged Doc. No. 2. Petitioner then

4   petitioned for review before the California Supreme Court. See Lodged Doc. No. 3. The California

5   Supreme Court denied the petition on January 19, 1989. See Lodged Doc. No. 4.

6          On April 19, 1990, Petitioner filed a petition for writ of habeas corpus in the California

7   Supreme Court. See Lodged Doc. No. 5.  The petition was denied on May 30, 1990. See Lodged

8   Doc. No. 6.

9          Sixteen years later, on April 3, 2006, Petitioner filed the instant petition for writ of habeas

10  corpus in the Sacramento Division of the United States District Court for the Eastern District of

11  California. The petition was transferred to the Fresno Division and received in this Court on

12  April 24, 2006.  On October 17, 2006, Respondent filed a motion to dismiss the petition as being

13  filed outside the one-year limitations period prescribed by 28 U.S.C. § 2244(d)(1).  Petitioner did not

14  file an opposition to Respondent's motion to dismiss.

15                              **DISCUSSION**

16  A.  Procedural Grounds for Motion to Dismiss

17         Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a

18  petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not

19  entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

20         The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if

21  the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the

22  state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule

23  4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874

24  F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for

25  state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same).

26  Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court

27  should use Rule 4 standards to review the motion.  See Hillery, 533 F. Supp. at 1194 & n. 12.

28         In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C. 2244(d)(1)'s

1   one-year limitations period.  Because Respondent's motion to dismiss is similar in procedural

2   standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default

3   and Respondent has not yet filed a formal answer, the Court will review Respondent's motion to

4   dismiss pursuant to its authority under Rule 4.

5   B.  Limitation Period for Filing a Petition for Writ of Habeas Corpus

6           On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of

7   1996 (hereinafter "AEDPA").  The AEDPA imposes various requirements on all petitions for writ of

8   habeas corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059,

9   2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct.

10  586 (1997).

11          In this case, the petition was filed on April 3, 2006, and therefore, it is subject to the

12  provisions of the AEDPA.  The AEDPA imposes a one-year period of limitation on petitioners

13  seeking to file a federal petition for writ of  habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended,

14  § 2244, subdivision (d) reads:

15          (1)  A 1-year period of limitation shall apply to an application for a writ of habeas
        corpus by a person in custody pursuant to the judgment of a State court.  The
16      limitation period shall run from the latest of –

17              (A) the date on which the judgment became final by the conclusion of direct
        review or the expiration of the time for seeking such review;
18

19              (B) the date on which the impediment to filing an application created by
        State action in violation of the Constitution or laws of the United States is removed, if
        the applicant was prevented from filing by such State action;
20

21              (C) the date on which the constitutional right asserted was initially recognized by
        the Supreme Court, if the right has been newly recognized by the Supreme Court and made
        retroactively applicable to cases on collateral review; or
22

23              (D) the date on which the factual predicate of the claim or claims presented
        could have been discovered through the exercise of due diligence.

24          (2) The time during which a properly filed application for State post-conviction or
        other collateral review with respect to the pertinent judgment or claim is pending shall
25      not be counted toward any period of limitation under this subsection.

26  28 U.S.C. § 2244(d).

27          In most cases, the limitations period begins running on the date that the petitioner's direct

28  review became final.  The AEDPA, however, is silent on how the one year limitation period affects

cases where direct review concluded *before* the enactment of the AEDPA.  The Ninth Circuit has

held that if a petitioner whose review ended before the enactment of the AEDPA filed a habeas

corpus petition within one year of the AEDPA's enactment, the Court should not dismiss the petition

pursuant to § 2244(d)(1).  <u>Calderon v. United States Dist. Court (Beeler)</u>, 128 F.3d 1283,1286 (9th

Cir.), *cert. denied*, 118 S.Ct. 899 (1998);  <u>Calderon v. United States Dist. Court (Kelly)</u>, 127 F.3d

782, 784 (9th Cir.), *cert. denied*, 118 S.Ct. 1395 (1998).   In such circumstances, the limitations

period commences on April 25, 1996.  <u>Patterson v. Stewart</u>, 251 F.3d 1243 (9th Cir.2001).

Petitioner would have one year until April 24, 1997, absent applicable tolling, in which to file his

federal petition for writ of habeas corpus.  However, Petitioner delayed filing the instant petition

until April 3, 2006, almost nine years beyond the due date.  Absent any applicable tolling, the instant

petition is barred by the statute of limitations.

C.  Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

        Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application

for State post-conviction or other collateral review with respect to the pertinent judgment or claim is

pending shall not be counted toward" the one year limitation period.  28 U.S.C. § 2244(d)(2). In

<u>Carey v. Saffold</u>, the Supreme Court held the statute of limitations is tolled where a petitioner is

properly pursuing post-conviction relief, and the period is tolled during the intervals between one

state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the

state court system. 536 U.S. 214, 215 (2002); <u>see also</u> <u>Nino v. Galaza</u>, 183 F.3d 1003, 1006 (9th Cir.

1999), *cert. denied,* 120 S.Ct. 1846 (2000).

        As stated above, the statute of limitations began to run on April 25, 1996, and expired on

April 24, 1997.  Although Petitioner filed one post-conviction collateral challenge with respect to the

pertinent judgment or claim in state court, the petition did not operate to toll the statute of

limitations.  The petition was filed on April 19, 1990, and denied on May 30, 1990.  Because the

limitations period had not yet commenced, the collateral challenges had no tolling consequences.

<u>Hill v. Keane</u>, 948 F.Supp. 157, 159 (E.D.N.Y. 1997).  Therefore, the petition remains untimely.

///

///

1  D.  Equitable Tolling

2       The limitations period is subject to equitable tolling if the petitioner demonstrates: "(1) that

3  he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his

4  way."[2] Pace, 125 S.Ct. at 1814; see also Irwin v. Department of Veteran Affairs, 498 U.S. 89, 96

5  (1990); Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998), citing Alvarez-Machain

6  v. United States, 107 F.3d 696, 701 (9th Cir. 1996), cert denied, 522 U.S. 814 (1997). Petitioner bears

7  the burden of alleging facts that would give rise to tolling. Pace, 125 S.Ct. at 1814; Smith v. Duncan,

8  297 F.3d 809 (9th Cir.2002); Hinton v. Pac. Enters., 5 F.3d 391, 395 (9th Cir.1993).

9       Assuming it is available, Petitioner is not entitled to equitable tolling. He does not argue that

10 he was prevented in any way from timely filing the federal petition.  Accordingly, the petition

11 remains untimely and must be dismissed.

12                                    **RECOMMENDATION**

13      Accordingly, the Court HEREBY RECOMMENDS that the motion to dismiss be

14 GRANTED and the habeas corpus petition be DISMISSED with prejudice for Petitioner's failure to

15 comply with 28 U.S.C. § 2244(d)'s one year limitation period.

16      This Findings and Recommendation is submitted to the Honorable Anthony W. Ishii, United

17 States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule

18 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of

19 California.

20      Within ten (10) court days (plus three days if served by mail) after being served with a copy,

21 any party may file written objections with the court and serve a copy on all parties.  Such a document

22 should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to

23 the objections shall be served and filed within ten (10) court days (plus three days if served by mail)

24 after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to

25 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified

26 _____

27      [2]The Supreme Court noted that it has never squarely addressed the question whether equitable tolling is available under AEDPA's statute of limitations. In Pace, the Supreme Court again declined to do so and only assumed for the sake of

28 argument that it did, because Respondent assumed as much and Petitioner was not entitled to tolling under any standard. 125 S.Ct. at 1814 n. 8.

1  time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th

2  Cir. 1991).

3

4

5  IT IS SO ORDERED.

6  **Dated:    December 7, 2006**                    /s/ **Sandra M. Snyder**
   icido3                                  UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28